**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

ISA A. COLEMAN,

                                        Plaintiff,

                v.                                                          14-CV-1469
                                                                            (GTS/CFH)

JOEY D. RICE, Badge # 1976-Detective Troop
B Raybrook, et al.,

                                        Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                                    **OF COUNSEL:**

ISA A. COLEMAN
Plaintiff Pro Se
25 McCarthy Drive
Plattsburgh, New York 12901

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION AND ORDER**

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Isa A.

Coleman ("Coleman") pursuant to 42 U.S.C. § 1983.  Compl. (Dkt. No. 1).  Coleman has not

paid the filing fee and instead seeks permission to proceed with this matter in forma

pauperis ("IFP").  Dkt. No. 3.  Coleman has also filed an inmate authorization form.  Dkt. No.

2.  Further, Coleman seeks appointment of counsel.  Dkt. No. 4-1.

**I.  DISCUSSION**

**A.  Application to Proceed IFP**

Coleman has submitted an IFP Application.  After reviewing the entire file, the Court

finds that plaintiff's financial status qualifies him to file this action without prepaying in full

the filing fee.  Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1).  Plaintiff has filed the appropriate authorization form.  Dkt. No. 2.  Plaintiff's request to proceed IFP in this action is therefore granted.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Coleman brings this action pursuant to 42 U.S.C. § 1983.  An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government.  42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Coleman's complaint revolves around the grand jury testimony, subsequent indictment, trial, and conviction which stemmed from an alleged drug sale, with Coleman as the seller,

to an informant on February 7, 2013.  Compl. at 3.  Coleman contends that defendant

Detective Rice provided inconsistent and false testimony during the grand jury on November

26, 2013, which ultimately led to an indictment and conviction at trial.  Id.  Coleman

contends that these actions were representative of a conspiracy for malicious prosecution

between defendant Rice and his supervisor, defendant Dumoulin.  Id.  Coleman further

contends that this conspiracy was racially motivated, pointing to unconstitutional practices in

the identification procedures, investigation tactics, and testimony used by defendants.  Id. at

5.  Coleman seeks an investigation into the defendants' police practices, an order vacating

his conviction, and compensatory damages.  Id. at 10.  For a further recitation of the facts,

reference is made to the complaint.

The gravamen of Coleman's complaints deal with the investigation, grand jury, arrest,

criminal trial, and ultimate conviction which was entered against him.  See generally Compl.

Accordingly, the thrust of Coleman's complaint all stems from his criminal prosecution and

conviction.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Coleman's claims regarding the

inappropriateness of defendants' investigation, grand jury testimony, indictment, his arrest,

3

the criminal charges, prosecution, and ultimate conviction, or anything else which stemmed from it, represent challenges that fall squarely within the ambit of Heck. Accordingly, were Coleman to succeed on any theory espoused above, he would necessarily call into question the validity of his sentence. As such, all of these claims are barred because he has failed to show that the sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Dennis' complaint lacks an arguable basis in law.

In light of Coleman's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, Heck bars any claims unless or until the invalidation of Coleman's sentence. This has yet to happen; therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Coleman's motion to proceed In Forma Pauperis (Dkt. No. 3) is

4

**GRANTED**;[1] and it is further

    **RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915,

Coleman's complaint be dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87

(1994) and failure to state a claim; and it is further

    **RECOMMENDED**, that pursuant to the pending Report-Recommendation and Order,

Coleman's remaining motions for appointment of counsel (Dkt. No. 4-1) be **DENIED**

**WITHOUT PREJUDICE** as moot with a right to renew if this Report-Recommendation and

Order is not adopted by the presiding District Judge; and it is further

    **ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on

the parties in accordance with the Local Rules.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen

(14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c)

(citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d

85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:   December 9, 2014
         Albany, New York

                                  Christian F. Hummel
                                  U.S. Magistrate Judge

---

   [1] Plaintiff should note that although his <u>in Forma Pauperis</u> Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.