**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

ISA A. COLEMAN,

                              **Plaintiff,**

      vs.                                                      8:14-CV-1469
                                                                    (MAD/CFH)

**JOEY D. RICE; RICHARD J. DUMOULIN, JR.;
WILLIAM PAOLOZZI; MARK SNYDER; DANIEL
BERRY; and DOUGLAS COLLYER,**

                              **Defendants.**

_____

**APPEARANCES:**

**ISA A. COLEMAN**
25 McCarthy Drive
Plattsburgh, New York 12901
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On December 4, 2014, *pro se* Plaintiff Isa A. Coleman commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants deprived him of his civil rights under the Fourth, Sixth, and Fourteenth Amendments. *See* Dkt. No. 1. Plaintiff alleged that Defendants Rice and Dumoulin conspired to falsely arrest and maliciously prosecute Plaintiff for criminal charges stemming from the alleged possession and sale of a controlled substance and that Plaintiff's related trial did not comport with due process. *See id.* at 3-8. In a December 9, 2014 Report-Recommendation and Order, Magistrate Judge Christian F. Hummel recommended that the Court

dismiss the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See* Dkt. No. 5. Presently before the Court are Plaintiff's objections to Magistrate Judge Hummel's Report-Recommendation and Order and amended complaint. *See* Dkt. Nos. 7, 8, 9.

## II. BACKGROUND

**A.     Magistrate Judge Hummel's Report-Recommendation and Order**

In his December 9, 2014 Report-Recommendation and Order, Magistrate Judge Hummel granted Plaintiff's *in forma pauperis* application and recommended that Plaintiff's complaint be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim. *See* Dkt. No. 5. Specifically, Magistrate Judge Hummel determined that the validity of Plaintiff's conviction and/or sentence would necessarily be called into question if Plaintiff were to succeed on any of his claims. *See id.* at 3-4. Magistrate Judge Hummel then concluded that Plaintiff's claims are barred by *Heck* because Plaintiff failed to allege that his conviction or sentence had been reversed on direct appeal or otherwise overturned. *Id.* at 4. Magistrate Judge Hummel further found that permitting amendment would be futile unless or until Plaintiff's conviction is invalidated. *Id.* Finally, Magistrate Judge Hummel recommended that Plaintiff's motion for appointment of counsel be denied as moot. *Id.* at 5.

The Court received Plaintiff's objections to the Report-Recommendation and Order on December 19, 2014 and Plaintiff's supplemental objections on December 22, 2014. *See* Dkt. Nos. 7, 8. On December 29, 2014, Plaintiff filed an amended complaint. *See* Dkt. No. 13.

**B.     Plaintiff's Objections and Amended Complaint**

In his objections to Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff does not object to Magistrate Judge Hummel's conclusion that his claims regarding his

criminal trial and conviction are barred by the Supreme Court's decision in *Heck*. *See* Dkt. Nos. 7, 8. However, Plaintiff asserts that as a result of Defendants' misconduct, in addition to the criminal charges discussed in Plaintiff's complaint, "identical" parole violation charges were filed against Plaintiff. *See* Dkt. No. 7 at 3. Plaintiff further asserts that the parole violation charges resulted in Plaintiff being denied the opportunity to post bail. *Id.* Plaintiff represents that his civil rights claims in fact "revolve[] around and stemmed from . . . the parole violation and dismissal." *Id.*

Plaintiff then filed an amended complaint, which adds claims against Defendants Paolozzi, Snyder, Berry, and Collyer, and which focuses on the proceedings related to his parole violation charges. *See* Dkt. No. 13.[1] In his amended complaint, Plaintiff states that he "do[es] not want to pursue the malicious prosecution claim for the criminal charges and conviction," but rather seeks "to recover damages and relief for . . . prejudice, malicious prosecution, racial profiling, false testimony leading to an illegal arrest and false imprisonment due to conspiracy pertaining to the parole violation and dismissal." *Id.* at 1.[2]

Specifically, Plaintiff alleges that in February 2013, Defendant Rice showed a confidential informant a single photo of Plaintiff in a "highly and unnecessarily suggestive" identification procedure by which the informant identified Plaintiff as the seller in a controlled drug sale. *Id.* at

---

[1] Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party is permitted to amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). As Plaintiff's complaint is a pleading to which a responsive pleading is required, and Defendants have not yet filed responsive pleadings or otherwise appeared in this case, the Court must accept Plaintiff's amended complaint.

[2] In light of Plaintiff's amended complaint, the recommendations made by Magistrate Judge Hummel are now moot. Therefore, the Court will perform an initial review of the amended complaint.

-3-

2.  Plaintiff further alleges that when the police notified his parole officer, Defendant Paolozzi, of the pending criminal charges against Plaintiff, Defendant Paolozzi "began to racially profile [Plaintiff]." *Id.* Plaintiff claims that between February 7, 2013 and November 26, 2013 Defendant Paolozzi "made more home visits, changed [Plaintiff's] appointments from twice a month to weekly[,]" and "secretly conspired with Clinton County Officials not telling [Plaintiff] of the pending charges and . . . the grand jury proceeding in which [Plaintiff] should have been notified to appear." *Id.*

Plaintiff further claims that in November 2013, Defendant Rice gave false testimony pertaining to the controlled drug sale before the grand jury, which led the grand jury to return an indictment and an arrest warrant to be issued against Plaintiff on December 12, 2013. *Id.* Plaintiff alleges that assistant district attorney Defendant Collyer knew that Defendant Rice's grand jury testimony was false at the time that Defendant Rice testified. *Id.*

On December 16, 2013, Plaintiff was arrested and detained at Clinton County Jail. *Id.* On December 23, 2013, a parole violation warrant was issued against Plaintiff based on the conduct charged in the indictment. *See id.* at 3. Plaintiff alleges that he was denied the opportunity to post bail as a result of the parole violation charges. *Id.* Plaintiff further claims that at a hearing on the parole violation charges on February 12, 2014, Defendant Snyder, a parole revocation specialist, "lied to the parole judge . . . [and] stated to her that [Plaintiff] was arrested in Clinton County on Feb. 7, 2013 when [Plaintiff] wasn't in Clinton County at all." *Id.* Additionally, Plaintiff claims that parole revocation specialist Defendant Berry introduced an untimely second parole violation report on March 21, 2014 in violation of Plaintiff's due process rights and further infringed on Plaintiff's due process rights by proceeding on that report in a parole violation hearing on April 16, 2014. *Id.* Plaintiff asserts that at the hearing, "[n]o evidence was found to

violate [Plaintiff's] parole and the charges [were] dismissed with prejudice," the warrant vacated, and the bail hold lifted. *Id.*

Plaintiff alleges that the above-described conduct violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments.

### III. DISCUSSION

**A.     Initial Screening Standards**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, the Court has the responsibility to determine that Plaintiff's claim is not frivolous and may be properly maintained before permitting Plaintiff to proceed with his action.

"Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325. In making this

determination, courts have the duty to exercise liberality in examining a *pro se* plaintiff's claims, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when the plaintiff paid the filing fee).

In determining whether a complaint fails to state a claim upon which relief may be granted, the court may look to Rule 8 of the Federal Rules of Civil Procedure, which provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the court should construe the factual allegations in the light most favorable to

the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

The court must accord more deference to complaints by *pro se* parties than those filed by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests," *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (internal quotation marks and citation omitted). Furthermore, when a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). Nonetheless, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.*

**B.     The *Heck* Doctrine**

When a plaintiff seeks "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [42 U.S.C.] § 1983." *Id.* Therefore,

> when a state prisoner seeks damages in a § 1983 suit, the district
> court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the

> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated.

*Id.*

Here, the gravamen of Plaintiff's amended complaint is that Defendants conspired, in various forms, to charge Plaintiff with parole violations that he did not commit. The allegedly fraudulent initial parole violation charges against Plaintiff involved the same conduct that underlies Plaintiff's criminal conviction. Specifically, the parole warrant contained the following three charges: (1) Plaintiff left the permitted area of travel without requesting a travel pass on February 7, 2013 "as attested by the Clinton County Arrest Warrant dated 12/12/13"; (2) Plaintiff committed the offense of criminal possession of a controlled substance on or about February 7, 2013; and (3) Plaintiff committed the offense of criminal sale of a controlled substance on or about February 7, 2013. *See* Dkt. No. 8 at 7-8. The validity of the original parole violation charges against Plaintiff thus directly relies on the validity of Plaintiff's indictment and criminal arrest warrant.

Plaintiff contends that these charges were procured through Defendant Rice's use of an unfairly suggestive identification procedure and his false grand jury testimony, as permitted by Defendant Collyer. *See* Dkt. No. 13 at 2. A judgment in Plaintiff's favor, which would require a finding that Defendants did in fact offer false testimony and/or utilize unfairly prejudicial identification procedures, would necessarily call into question the validity of Plaintiff's conviction. Plaintiff also contends that Defendant Snyder lied to the administrative law judge when he indicated that Plaintiff was in Clinton County on February 7, 2013 and that Plaintiff has an alibi affidavit that so proves. *See id.* at 3. A finding in Plaintiff's favor on this point would also necessarily imply the invalidity of Plaintiff's conviction, as Plaintiff is convicted of possessing and selling a controlled substance in Clinton County on February 7, 2013. Plaintiff

-8-

has offered no indication that his conviction has been invalidated. Accordingly, Plaintiff's false arrest, malicious prosecution, and due process claims regarding the parole violation charges filed on December 23, 2013 are barred by *Heck* and must be dismissed.

Plaintiff's attempt to amend his complaint to avoid this result by not directly challenging his criminal conviction is unavailing. *Heck* explicitly requires dismissal of civil rights claims that, as here, "do[] not seek damages directly attributable to conviction or confinement but whose successful prosecution necessarily imply that the plaintiff's criminal conviction was wrongful." *Heck*, 512 U.S. at 486 n.6. Therefore, Plaintiff's challenges to his parole violation charges are barred, for the reasons discussed above, despite Plaintiff's representations that he is not challenging his criminal charges and conviction.

The Court notes that in *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court held that where a false arrest is followed by criminal proceedings, the statute of limitations on the plaintiff's false arrest claim begins to run "at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397. Thus, the Court recognizes that the statute of limitations has already began to run on Plaintiff's false arrest claims, and may well run before Plaintiff may obtain an invalidation of his conviction. The Supreme Court has suggested that should Plaintiff's conviction be reversed after the statute of limitations has run on his false arrest claims, Plaintiff should be permitted to file his false arrest claims notwithstanding the time bar.

> Had petitioner filed suit upon his arrest and had his suit then been dismissed under *Heck*, the statute of limitations, absent tolling, would have run by the time he obtained reversal of his conviction. If under those circumstances he were not allowed to refile his suit, *Heck* would produce immunity from § 1983 liability, a result surely not intended. Because in the present case petitioner did not file his suit within the limitations period, we need not decide, had he done so, how much time he would have had to refile the suit once the *Heck* bar was removed.

*Wallace*, 549 U.S. at 395 n.4. At this juncture, the Court must dismiss Plaintiff's claims, and the issue of refiling is not presently before the Court.

**C.     The Second Parole Violation Report**

Plaintiff also alleges that his due process rights were violated when Defendant Berry filed a second parole violation report which asserted additional violation charges without permitting Plaintiff a preliminary hearing on the new charges. *See* Dkt. No. 13 at 3.

A state that provides a system of parole is required to provide "minimum due process protections" before revoking a person's parole. *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 652 (2d Cir. 1993) (citing *Morrissey v. Brewer*, 408 U.S. 471, 478-89 (1972)). Due process requires the state to provide parolees a preliminary hearing that "assures that a declaration of delinquency . . . will not occur without at least a finding of probable cause." *Id.* at 653. Thus, Plaintiff is correct that he was entitled to a preliminary probable cause hearing on the new parole violations.

However, to invoke the protections of due process, Plaintiff "must establish the violation of his right to life, liberty or property." *Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504, 512 (2d Cir. 2008) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)); *see also* U.S. Const. amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law"). Plaintiff has not alleged any deprivation of liberty that resulted from the introduction of the second violation report. At the time the second report was filed, Plaintiff was detained and had been denied the opportunity to post bail as a result of the first violation report. *See* Dkt. No. 13 at 3.[3] The first and second parole violation reports were heard

---

[3] Plaintiff waived a preliminary probable cause hearing on the charges contained in the first violation report. *See* Dkt. No. 8 at 8.

together at an administrative hearing on April 16, 2014. *See id.* To the extent that appearing for a parole revocation hearing can be construed as a deprivation of liberty, Plaintiff was already required to appear on the first parole violation report, and thus the introduction of additional parole violation charges did not impose an additional deprivation of liberty. As a result of the hearing, the charges were dismissed and the bail hold against Plaintiff was lifted. *See id.* Thus, the facts alleged by Plaintiff do not suggest that his liberty was restricted as a result of the filing of the additional parole violation charges.

To the extent that Plaintiff's amended complaint can be read as claiming false arrest and/or malicious prosecution related to the second parole violation report, these claims also fail because Plaintiff has not alleged a deprivation of liberty. A false arrest claim under § 1983 "is substantially the same as a claim for false arrest under New York law." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks and citation omitted). Under New York law, the essential elements of a claim for false arrest are "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Id.* (quoting *Broughton v. New York*, 335 N.E.2d 310, 314 (N.Y. 1975)). Confinement is essential to a cognizable false arrest claim and, as discussed above, Plaintiff has not alleged that he was confined as a result of the additional violation charges.

Similarly, "in order to prevail on [a malicious prosecution] claim under § 1983, the plaintiff must show a violation of his rights under the Fourth Amendment." *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997) (citing *Albright v. Oliver*, 510 U.S. 266, 274-75 (1994) (plurality opinion)). Therefore, pursuit of such a claim requires the plaintiff to establish "an unreasonable seizure by a state actor in violation of the Fourth Amendment." *Id.* Plaintiff has alleged no

seizure that resulted from the second violation report. In the absence of allegations of a deprivation of liberty, Plaintiff has failed to state a cause of action regarding the additional parole violation charges.

**D.     Claims Against Defendant Paolozzi**

Finally, Plaintiff alleges that while acting as Plaintiff's parole officer, Defendant Paolozzi increased his home visits and parole appointments with Plaintiff and failed to inform Plaintiff of the criminal investigation and grand jury proceeding against Plaintiff. Such allegations are plainly insufficient to state a claim for relief.

Defendant Paolozzi was under no duty, as Plaintiff's parole officer, to inform Plaintiff of a criminal investigation or grand jury proceedings against him. *See* N.Y. Crim. Pro. Law § 190.50 (describing the specific conditions under which the district attorney is obligated to notify the subject of a grand jury proceeding of the pending proceeding). To the extent that Plaintiff is arguing that his indictment was invalid because Defendant Collyer, the prosecuting assistant district attorney, did not give Plaintiff the opportunity to testify before the grand jury, such a claim would call into question Plaintiff's conviction and is therefore barred by *Heck*.

As to Defendant Paolozzi's increased parole visits and appointments with Plaintiff, Plaintiff does not specify how the increased contact violated Plaintiff's rights, other than to state a conclusory allegation that Defendant Paolozzi's conduct was motivated by race. *See* Dkt. No. 13 at 2. Plaintiff has alleged no facts that suggest Defendant Paolozzi acted with discriminatory intent. In fact, Plaintiff acknowledged that the increased visits occurred after Defendant Paolozzi was notified by police of the pending charges against Plaintiff. *See id.* In the absence of any facts suggesting discriminatory motivation, Plaintiff's claim against Defendant Paolozzi must be dismissed. *See Hughes v. Butt*, No. 9:06-CV-1462, 2009 WL 3122952, *12 (N.D.N.Y. Sept. 28,

2009) (dismissing a racial discrimination claim under § 1983 where the plaintiff "has not pointed to evidence reasonably supporting a finding of prohibited discrimination").

### E. Leave To Amend

The Court recognizes that a *pro se* litigant should ordinarily be granted leave to amend his or her complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)) (internal quotation marks omitted). However, the majority of Plaintiff's claims are barred by *Heck* unless and until Plaintiff's conviction is overturned. Additionally, it does not appear that Plaintiff could plead any set of facts that would allege that his liberty was deprived as a result of the second violation report or that Defendant Paolozzi deprived Plaintiff of his rights by performing permissible parole visits. Therefore, amendment is futile and unnecessary. *See Cuoco*, 222 F.3d at 112 (finding that repleading would be futile where the plaintiff's complaint did not "suggest[] that the plaintiff ha[d] a claim that she has inadequately or inartfully pleaded").

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's objections to Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. Nos. 7, 8) are **REJECTED as moot**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 13) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's motions for appointment of counsel (Dkt. Nos. 6, 9, 10, 11, 12) are **DENIED as moot**; and the Court further

-13-

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 28, 2015
       Albany, New York

*(signature)*
Mae A. D'Agostino
U.S. District Judge